UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRA COX,<br><br>         Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | Civil Case No.: 16cv2631-JAH<br>Criminal Case No.: 13cr1235-JAH-2<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 82)** |

## INTRODUCTION

This matter comes before the Court on Petitioner Deandra Cox's ("Petitioner") *pro se* motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Doc. No. 82. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, this Court may dismiss a § 2255 motion if it "plainly appears" from the motion, attached exhibits, and the record of prior proceedings, that Petitioner is not entitled to relief. Having thoroughly considered the relevant record, and for the reasons set forth below, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.

//

//

1

## BACKGROUND

On June 13, 2013, Petitioner, with the advice and consent of counsel, signed a plea agreement, admitting that she and a codefendant "agreed to provide an ounce of methamphetamine to a customer, and thereafter two of them provided the customer approximately 27.6 grams of actual methamphetamine." Doc. No. 27 at 2. On the same day, a change of plea hearing was held before Magistrate Judge Karen S. Crawford. Doc. No. 25. The magistrate judge determined that Petitioner's guilty plea was made knowingly and voluntarily, and did not result from force, threats, or promises. Doc. No. 28. On April 28, 2014, a sentencing hearing was held where upon this Court determined that under the United States Sentencing Guidelines ("USSG"), Petitioner's base offense level was 28, with a minus-two adjustment for minor role, and a minus-three adjustment for acceptance of responsibility, for a total offense level of 23. Petitioner was sentenced to 77-months in custody, to run concurrent with two California state sentences, followed by four years of supervised release. *See* Doc. No. 60. Judgment was entered on April 29, 2014. Doc. No. 61. On October 24, 2016, Petitioner, proceeding *pro se*, filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. 2255.

## DISCUSSION

**a.  Legal Standard**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to petitions for writ of habeas corpus filed in federal court after April 24, 1996. *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). The instant petition is subject to AEDPA because it was filed on October 24, 2016. A § 2255 motion may be brought to vacate, set aside, or correct a federal sentence on the following grounds: (1) that the sentence "was imposed in violation of the Constitution or laws of the United States," (2) that "the court was without jurisdiction to impose such [a] sentence," (3) that "the sentence was in excess of the maximum authorized by law," or (4) that "the sentence is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

//

**b.     Analysis**

As a threshold matter, "a defendant seeking relief under 28 U.S.C. § 2255 . . . must be in custody, [and] . . . claim the right to be released from custody." *United States v. Kramer*, 195 F.3d 1129 (9th Cir. 1999). Here, the Bureau of Prisons ("BOP") inmate locator indicates that Petitioner was released from custody on August 3, 2018.[1] Despite Petitioner being out of BOP custody, she is still under supervised release and therefore in custody within the meaning of § 2255. *Mujahid v. Daniels*, 413 F. 3d 991, 994 (9th Cir. 2005) (*quoting Matus–Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) ("[A] habeas petitioner remains in the custody of the United States while on supervised release")).

Petitioner argues she is entitled to relief based upon Amendment 794—a "[n]ewly amended USSG Section 3B1.2 [which] concerns reductions sought for those who have a 'minor role' in [an] offense." Doc. No. 82 at 1. Amendment 794 amended the commentary to U.S.S.G. § 3B1.2—the Guidelines section that provides for a downward adjustment to the offense level if the defendant was a minimal or minor participant in the criminal activity. Most notably, Amendment 794—which went into effect on November 1, 2015— added a list of factors that a court should consider in determining whether to decrease an individual's offense level under § 3B1.2. In short, it "provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies." U.S.S.G. app. C, amend. 794 (2015). However, a review of the sentencing record shows that Petitioner has indeed received a minus-two adjustment for her minor role in the crime. As such, there is no additional relief under Amendment 794 that the Court can provide to Petitioner because there is no allegation (1) that the sentence "was imposed in violation of the Constitution or laws of the United States," (2) that "the court was without jurisdiction to impose such [a] sentence," (3) that "the sentence was in excess of the maximum

---

[1] See Inmate Locator & Record Availability, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 13, 2020).

authorized by law," or (4) that "the sentence is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

**CERTIFICATE OF APPEALABILITY**

To appeal a district court's denial of a § 2255 petition, a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To satisfy this standard, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated above, no reasonable jurist could conclude that Petitioner is entitled to relief based on the arguments set forth in her § 2255 motion. Accordingly, the Court declines to grant Petitioner a certificate of appealability

**CONCLUSION AND ORDER**

Based on the above, IT IS HEREBY ORDERED Petitioner's motion to vacate, set aside, or correct her sentence is **DENIED**. Doc. No. 82.

**IT IS SO ORDERED.**

DATED: February 24, 2020

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE